BENJAMIN F. GOODWIN, Plaintiff, v. WILLIAM H. BARNHART,.
Defendant.

*Reserved from Multnomah.*

When and how the effect of a guaranty may be averred.

CRANE, ROGERS & Co. drew their bill on Adams & Co., of San Francisco, in favor of Cole, for $1,089$\frac{45}{100}$. In the margin of the bill the sum was stated in figures, $1,989$\frac{43}{100}$." Cole endorsed upon the bill a request upon Adams & Co., of Portland, to pay to Barnhart the amount stated in the margin. The Portland house gave to Barnhart the marginal sum, on his agreement to refund it " in case the full amount is not paid on presentation." The house of Adams & Co., at San Francisco, becoming insolvent, the house at Portland failed to realize any thing on the bill, and their effects having passed into the hands of Goodwin, as receiver, this suit is brought on Barnhart's guaranty to recover the amount of the bill. The answer, among other defences, sets up, that Adams & Co., at both places, were one firm, and that it was the agreement, and the true intent and meaning of the guaranty, that $1,989$\frac{43}{100}$ was the sum intended to be expressed in the bill. The identity of the two houses is traversed by the replication, and the averment of what the agreement was is demurred to.

*A. Campbell,* for plaintiff.

*A. E. Wait,* for defendant.

OLNEY, J.   The defence, which the pleader had in view, if true in fact, would bar the action.   At the common law, a general denial would put in issue the legal effect of the con-

tract; and the circumstances under which it was made would be admissible to explain its meaning. Perhaps, under the Code, the defendant might have denied this contract, as it is stated in the complaint; but being required to swear to his answer, and not being able to deny the *words* of the contract, as there stated, he has adopted the more prudent course of setting out the facts, which show that the plaintiff has misconstrued it. If the jury should find the fact to be true, that the two houses were one firm, or that the defendant had a right to treat them as one, they would conclude that no such agreement, in legal effect, was made; for one would not take a guaranty that he would pay to himself a sum of money. But to authorize the jury to find that *such* a contract was not made, there must be a denial of it in the answer. The averments in this answer do not amount to such denial, for the agreement may have been what the defendant says, and as much more as the plaintiff claims.

The defendant, after stating the facts, ought to have averred, in substance, that he made the written agreement in order to indemnify Adams & Co. from loss by over-payment of the bill, *and not otherwise.*

The demurrer is sustained, and the cause remanded, with leave to amend the answer.